In re the Marriage of: Blanca Dora
Calles DE GUARDADO,
petitioner, Appellant,

v.

Juan Carlos GUARDADO MENJIVAR,
Respondent.

A16-1973

Court of Appeals of Minnesota.

Filed September 11, 2017

Andrew T. Tyler, Tyler Law Office, L.L.C., Minneapolis, Minnesota (for appellant).

Juan Carlos Guardado Menjivar, Chalatenango, El Salvador (pro se respondent).

Considered and decided by Rodenberg, Presiding Judge; Kirk, Judge; and Florey, Judge.

## OPINION

FLOREY, Judge

In this marital-dissolution-related dispute, appellant-mother Blanca Dora Calles De Guardado argues that the district court (1) was permitted to make SIJ findings, which are state court findings that allow certain immigrant youths to seek permanent-resident status and (2) clearly erred by not making one such finding, that her children were placed under the custody of an individual appointed by a state court. Because we conclude that a district court is authorized to make SIJ findings in a dissolution proceeding and that the district court's award of sole legal and sole physical custody to appellant, for purposes of SIJ findings, is a placement under the custody of an individual appointed by a state court, we reverse and remand.

## FACTS

Appellant Blanca Dora Calles De Guardado and respondent Juan Carlos Guardado Menjivar have two children, C.C., born in 2005, and B.C., born in 2008. The children were born in El Salvador. Soon after B.C.'s birth, the parties married in El Salvador, and at some point, the parties and the children came to Minnesota.

Respondent abused both appellant and the minor children, and in July 2016, appellant filed for divorce in Minnesota. In her dissolution petition, she requested sole legal and sole physical custody of the children. She also requested that the district court make specific findings to enable the children to seek SIJ status, a federally created path to permanent residency in the United States. *See In re Guardianship of Guaman*, 879 N.W.2d 668, 671 (Minn. App. 2016).

In October 2016, a default hearing was held in the dissolution proceedings. Respondent failed to appear. Appellant requested that the district court make the SIJ finding that the children are "dependent upon the juvenile court or have been legally committed to, or placed under the custody of, an agency or department of a [s]tate, or an individual or entity appointed by a [s]tate or juvenile court." The district court refused to make the SIJ dependency/custody finding, stating that the custody award to appellant did not substantiate the finding, and a dissolution proceeding was not the appropriate forum for such a finding.

Following the hearing, the district court entered a judgment and decree adjudicating respondent the father of the children and dissolving the parties' marriage. Appellant was granted sole legal and sole physical custody of the children. The district court made a number of findings concerning the abuse perpetrated by respondent. Further, the decree contained some of the SIJ findings proposed by appellant. However, the district court crossed out appellant's proposed SIJ dependency/custody finding. In its place, the court wrote that the children were dependent on "their mother who has been awarded sole legal and physical custody of the parties' minor children."

Appellant subsequently requested permission to file a motion to reconsider, but the district court refused to permit the motion, noting that it "questioned the legal and precedential authority" supporting appellant's "expanded reading" of its "jurisdiction." This appeal followed.

## ISSUES

I. Was the district court authorized to make SIJ findings as part of a dissolution proceeding?

II. Did the district court err by failing to make appellant's proposed SIJ dependency/custody finding?

## ANALYSIS

 "SIJ status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law." *Guaman*, 879 N.W.2d at 671. SIJ status has both a state and federal component. First, a state "juvenile court" must determine: (1) that an immigrant youth [1] is "dependent on a juvenile court" or has been "committed to, or placed under the custody of," a state agency or department "or an individual or entity" appointed by a state court; (2) reunification with one or both parents is not possible because of abuse, neglect, abandonment, or similar reasons found under state law; and (3) it would not be in the youth's best interests to return to his or her country of origin.[2] 8 U.S.C. § 1101(a)(27)(J) (2012); *In re Welfare of A.S.*, 882 N.W.2d 633, 636 (Minn. App. 2016); *see* 8 C.F.R. § 204.11 (2009). Then, a petition supported by the aforementioned SIJ findings must be filed with United States Citizenship and Immigration Services (USCIS). *Welfare of A.S.*, 882 N.W.2d at 636; *see* 8 C.F.R. § 204.11; USCIS Form I-360. The state court's findings "do not bestow any immigration status on SIJ applicants." *Guaman*, 879 N.W.2d at 671. Rather, USCIS, on behalf of the Secretary of Homeland Security, makes the final determination whether to grant SIJ status. *See* 8 U.S.C. § 1101(a)(27)(J)(iii);

USCIS Policy Manual, vol. 6, pt. J(4)(E)(1) (noting that Department of Homeland Security delegates authority to consent to grant of SIJ classification to USCIS).

## I.

 Appellant first argues that the district court had the authority to make SIJ findings. To determine if the district court had such authority, we must examine the SIJ statute, 8 U.S.C. § 1101(a)(27)(J), as well as a related federal regulation covering SIJ status, 8 C.F.R. § 204.11. We review interpretation of the SIJ statute and federal regulation de novo. *N. States Power Co. v. Aleckson*, 831 N.W.2d 303, 310 (Minn. 2013) (concerning interpretation of federal regulation); *Welfare of A.S.*, 882 N.W.2d at 637 (concerning interpretation of the SIJ statute).

 "Congress charged state courts with making SIJ findings because it recognized that juvenile courts have particularized training and expertise in the area of child welfare and abuse, which places them in the best position to make determinations on the best interests of the child and potential for family reunification." *Guaman*, 879 N.W.2d at 671 (quotation omitted). A particular type of state court, a "juvenile court," is permitted to make SIJ findings. 8 U.S.C. § 1101(a)(27)(J)(i); 8 C.F.R. § 204.11. The term "juvenile court" is defined under 8 C.F.R. § 204.11 as "a court located in the United States having jurisdiction under [s]tate law to make judicial determinations about the custody and care of juveniles." *See Welfare of A.S.*, 882 N.W.2d at 637.

---

1. A person seeking SIJ status must be under the age of 21. 8 C.F.R. § 204.11(c)(1) (2009).

2. The SIJ statute previously required that a "juvenile immigrant be deemed eligible for 'long-term foster care,'" but the "statute was amended in 2008 to expand eligibility to include those immigrant children who had been placed in the custody of an individual or entity appointed by a state or juvenile court." *Guaman*, 879 N.W.2d at 672 n.3 (quotation omitted). "The federal regulation that implements the SIJ statute, 8 C.F.R. § 204.11, has not yet been updated to reflect the statute's amendment in 2008." *Id.* at 671 n.2.

In this case, the district court qualifies as a "juvenile court" because it is authorized under state law to make "judicial determinations about the custody and care of juveniles." 8 C.F.R. § 204.11. In dissolution proceedings, district courts are permitted to make determinations regarding legal and physical custody of a minor child, a child's residence, parenting time, and support obligations. Minn. Stat. §§ 518.17, subd. 3, .175, subd. 1 (2016); *Chambard v. Chambard*, 348 N.W.2d 821, 823 (Minn. App. 1984) (stating that district courts have broad discretion to determine custody of children in dissolution proceedings). This court has already determined that a probate court is authorized to make SIJ findings in a guardianship proceeding because of "the broad scope of [a] probate court's authority to act in the best interests of [a] ward." *Guaman*, 879 N.W.2d at 672. The same rationale applies to dissolution proceedings involving children. A Minnesota district court is authorized to make SIJ findings in a dissolution proceeding involving a custody determination. *See* USCIS Policy Manual, vol. 6, pt. J(3)(A)(1) (providing examples of state courts that may meet the definition of a "juvenile court," one of which is a state family court).

## II.

 Appellant next argues that the district court erred by failing to find that C.C. and B.C. were "placed under the custody of . . . an individual . . . appointed by a [s]tate or juvenile court." 8 U.S.C. § 1101(a)(27)(J)(i). This presents an issue of statutory interpretation, which we review de novo. *Welfare of A.S.*, 882 N.W.2d

at 637. Appellant contends that the district court's award of sole legal and sole physical custody was sufficient for purposes of the SIJ dependency/custody finding. We agree.

In *Welfare of A.S.*, we defined the limited role that state courts play in the SIJ context, noting that state courts are "to determine if the record supports the specific findings that the SIJ statute charges them with making." *Id.* at 636. We also interpreted the SIJ statute, concluding that A.S.'s placement on probation did not qualify A.S. as having been " 'committed to, or placed under the custody of,' a state department or agency or an individual or entity 'appointed by a [s]tate or juvenile court.' " *Id.* at 639 (quoting 8 U.S.C. § 1101(a)(27)(J)(i)).[3]

In *Guaman*, although we did not engage in extensive interpretation of the SIJ statute, we did effectively state that the appointment of a guardian for a ward may qualify as a placement "under the custody of . . . an individual . . . appointed by a [s]tate or juvenile court." 8 U.S.C. § 1101(a)(27)(J)(i); *Guaman*, 879 N.W.2d at 672. But we have not yet addressed whether an award of sole legal and sole physical custody to one parent is a qualifying custodial placement under the SIJ statute.

 The SIJ statute does not define the operative terms "placed," "custody," "individual" and "appointed." *See* 8 U.S.C. § 1101(a)(27) (2012). As such, we look to the plain meanings of those words. *Welfare of A.S.*, 882 N.W.2d at 639. To determine the plain meaning of a word in a statute,

---

**3.** States have reached varying conclusions on the role of state courts in interpreting the SIJ statute and making SIJ findings. *Compare H.S.P. v. J.K.*, 223 N.J. 196, 121 A.3d 849, 859-60 (2015) (involving state court that declined to interpret a portion of the SIJ statute because such a task was "exclusively the province of the federal government"), *with In re Erick M.*, 284 Neb. 340, 820 N.W.2d 639, 645 (2012) (containing state court's statutory interpretation of the SIJ language).

courts often consider dictionary definitions. *Shire v. Rosemount, Inc.*, 875 N.W.2d 289, 292 (Minn. 2016).

The verb "place" has a number of definitions, including "[t]o put in a specified relation or order," as when placing words into alphabetical order, or "[t]o put into a particular condition," as when someone is placed under arrest, or "[t]o appoint to a post," as when placing a person in a key position. *The American Heritage Dictionary of the English Language* 1382 (3rd ed. 1992). Here, by granting appellant sole custody of the children, the district court created a specified relation and put the children into a particular position, under the care and custody of appellant. *See* Minn. Stat. § 518.17, subd. 3 (concerning custody determination upon dissolution); *see also* Minn. Stat. § 518.003, subd. 3 (2016) (defining various types of custody). The children were therefore "placed" with appellant.[4]

In *Welfare of A.S.*, we examined the plain meaning of the term "custody," noting that it is defined by Black's Law Dictionary as "the care and control of a thing or person for inspection, preservation, or security." 882 N.W.2d at 639 (quotation omitted). Here, the children were placed under the "custody" of appellant because she was made responsible for their care

and control.[5] *Id.*; *see* Minn. Stat. § 518.003, subd. 3 (defining custody).

The noun "individual" is defined variously as simply "[a] person," "[a] single human being considered apart from a society or community," or "[a] human being regarded as a unique personality." *The American Heritage Dictionary of the English Language* 920 (3rd ed. 1992). Appellant is an "individual" in this instance; she was granted *sole* custody.

Lastly, the verb "appoint" is defined, in relevant part, as "[t]o select or designate to fill an office or position" or "[t]o fix or set by authority or by mutual agreement." *Id.* at 89. By fixing appellant's custodial rights by authority and designating her as sole custodian, the district court effectively "appointed" appellant.

In sum, a plain reading of the SIJ statute indicates that the award to appellant of sole legal and sole physical custody is a placement "under the custody of ... an individual appointed" by a state court. 8 U.S.C. § 1101(a)(27)(J)(i); *see In re Maria P.E.A. v. Sergio A.G.G.*, 111 A.D.3d 619, 975 N.Y.S.2d 85, 86 (2013) (holding that SIJ dependency/custody finding was warranted where immigrant youth was placed under her mother's custody).[6]

However, even if we were to conclude that the SIJ statute is ambiguous and fur-

---

**4.** The children were born prior to the parties' marriage, and appellant therefore arguably had sole custody prior to the dissolution proceedings. *See* Minn. Stat. § 257.541, subd. 1 (2016) (outlining the custodial rights of a biological mother that is not married to the father when the child is conceived or born). However, by filing a petition for dissolution and requesting sole custody, appellant effectively requested that the issue of custody be addressed anew. *See id.* (stating that the biological mother has custody "until paternity has been established ... or until custody is determined in a separate proceeding under section 518.156"); *see also* Minn. Stat. § 518.156, subd. 1(1) (2016) (stating that a

child custody proceeding is commenced by a parent filing a petition for dissolution).

**5.** The term "custody" for which we seek a definition is the term "custody" in the federal SIJ statute. While Minn. Stat. § 518.003, subd. 3 defines various types of custody, these definitions are not dispositive for purposes of the federal SIJ statute.

**6.** We note that this case involves an award of sole legal and sole physical custody to one parent. Therefore, this opinion does not address other possible permutations of custody awards.

ther delve into legislative intent, we would reach the same conclusion. The SIJ statute's legislative history and USCIS's interpretation of the present SIJ statute indicate that the custodial placement in this case was a placement "under the custody of ... an individual ... appointed by a [s]tate or juvenile court." 8 U.S.C. § 1101(a)(27)(J)(i).

Congress amended the SIJ statute in 2008, broadening the availability of SIJ status to include immigrant youths whom a court has placed in the custody of a court-approved individual. *Erick M.*, 820 N.W.2d at 645; *see* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, § 235, 122 Stat. 5044, 5079 (2008). Congress also removed a requirement that an immigrant youth needed to be deemed eligible for long-term foster care and replaced it with a requirement that a juvenile court find that reunification with one or both of the youth's parents is not viable because of abuse, neglect, abandonment, or a similar basis under state law. 8 U.S.C. § 1101(a)(27)(J)(i); *Erick M.*, 820 N.W.2d at 645; *In re Marcelina M.-G. v. Israel S.*, 112 A.D.3d 100, 973 N.Y.S.2d 714, 720 (2013); *see* 122 Stat. at 5079. This indicates an intent to increase the availability of SIJ status and provide additional protection for at-risk children. *See* 122 Stat. at 5079.

The agency charged with making the final determination on whether to grant SIJ status, USCIS, has interpreted the present form of the SIJ statute and indicated that the custodial placement in this case may be sufficient for purposes of an SIJ dependency/custody finding. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984) (stating that, when a statute is ambiguous, "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer"). USCIS's policy manual states that "[p]lacing [an SIJ] petitioner 'under the custody of' a person requires physical custody," and "[a] qualifying court-appointed custodial placement could be with one parent, if reunification with the other parent is found to be not viable due to that parent's abuse, neglect, or abandonment of the petitioner." USCIS Policy Manual, vol. 6, pt. J(2)(D)(1)). Congress has not acted to amend the SIJ statute in light of USCIS's interpretation. *See Toolson v. New York Yankees, Inc.*, 346 U.S. 356, 357, 74 S.Ct. 78, 78-79, 98 L.Ed. 64 (1953) (relying on congressional inaction to conclude that federal antitrust laws did not apply). The legislative history and USCIS's interpretation lead us to the conclusion that the award of custody in this case was a placement "under the custody of ... an individual ... appointed by a [s]tate or juvenile court." [7] 8 U.S.C. § 1101(a)(27)(J)(i).

▮ The district court in this case was obligated to address three SIJ-related is-

---

7. Since the 2008 amendment, state courts and practitioners have concluded that an award of custody to one parent may qualify for purposes of the SIJ dependency/custody finding. *See, e.g., Maria P.E.A.*, 975 N.Y.S.2d at 86; *Marcelina M.-G.*, 973 N.Y.S.2d at 721; Yasmin Yavar & Dalia Castillo-Granados, *Special Immigrant Juvenile Status in a Nutshell*, 56 No. 3 Judges' J. 27, 28 (2017). Moreover, although we are concerned with the custody portion of the SIJ dependency/custody finding, there is some indication that the depen-

dency portion would be satisfied as well by the custody award in this case. *See* Laura E. Ploeg, *Special Immigrant Juveniles: All the Special Rules*, Immigr. L. Advisor, Jan. 2014, at 4 ("Although the phrase 'declared dependent' may be used in summary, the statutory requirement encompasses not just dependency in the traditional sense, but all matters where a juvenile (or other relevant) court has jurisdiction over the child with respect to dependency, commitment, or custody and enters some order with respect to the child.").

sues: (1) dependency/custody; (2) reunification; and (3) best interests. *Guaman*, 879 N.W.2d at 673. It adopted appellant's proposed findings concerning reunification and best interests, but stated that its custody award did not substantiate an SIJ dependency/custody finding. The district court crossed out appellant's proposed dependency/custody finding, which was consistent with the required SIJ language, and wrote that the children were dependent on their mother. Although district courts have discretion in determining whether the record in a particular case supports an SIJ finding, in this case, we must conclude that the district court's finding that the children are dependent on their mother is insufficient, especially in light of its statements that the award of custody to appellant did not merit an SIJ finding.

Where, as here, a district court finds that children cannot reunite with an abusive parent and makes an award of sole legal and sole physical custody to the non-abusive parent based upon such circumstances, we must conclude that an SIJ dependency/custody finding is merited. Such a finding does not affect immigration status, but merely permits an immigrant youth to move to the next step in the SIJ process. *See Guaman*, 879 N.W.2d at 671. For the reasons previously set forth, the district court's custody award in this case is a placement "under the custody of . . . an individual appointed" by a state court. 8 U.S.C. § 1101(a)(27)(J)(i). We therefore remand for SIJ findings consistent with that conclusion.[8]

## DECISION

Because we conclude that the district court was authorized to make SIJ findings, and its award of sole legal and sole physical custody to appellant is a placement "under the custody of . . . an individual appointed" by a state court, 8 U.S.C. § 1101(a)(27)(J)(i), we reverse and remand for additional SIJ findings consistent with this opinion.

**Reversed and remanded.**

---

**8.** USCIS offers some guidance on SIJ findings for state courts. *See* USCIS Policy Manual, vol. 6, pt. J(3)(A)(2).